ROBERT H. McCARTER, attorney-general of New Jersey,

*v.*

MARY CLAVIN, individually and as administratrix of the estate of John W. Russell.

[Decided April 4th, 1907.]

Sufficient ground is shown for the appointment of a receiver to protect decedent's real property, worth $100,000, claimed by the state to escheat, and also claimed by defendant under an alleged will and by another claiming to be decedent's only heir-at-law, the lands having been sold for municipal taxes, the rents being collected by the purchasers at the tax sale, a mortgagor having filed foreclosure proceedings, defendant as administratrix having in no way attempted to protect the property, and it appearing that the conflicting claims will produce prolonged litigation.

On bill for receiver.

*Mr. Robert H. McCarter,* attorney-general, for the complainant.

*Messrs. Raymond, Van Blarcom & Anthony,* for the defendant.

BERGEN, V. C.

On November 28th, 1905, John W. Russell departed this life seized of certain real estate in the city of East Orange, New Jersey, and at that time he was not supposed to leave any known relatives. The defendant, Mary Clavin, who had lived with him as a servant, claiming to be a creditor, made application for letters of administration, which were issued to her, it being supposed that Russell had died intestate. The real estate consisted of four tracts or parcels known as Nos. 15, 19, 21 and 23 South Maple avenue, East Orange, and he left also a small amount of personal property. Three of the four lots were improved and are occupied by tenants who are paying no rent for the reason that no one is now empowered to collect rents. One of the lots is subject to a mortgage for $8,000 upon which interest is in arrears and upon which the taxes for two years have remained unpaid, and the municipal authorities, to enforce the payment of taxes, have sold the lands, and the rents since such tax sale have been collected or claimed by the purchasers at that sale. It also appears that the holder of the mortgage security has instituted foreclosure proceedings, and that as to one lot the property is likely to be absolutely lost to the owner.

Since the granting of administration to the defendant of the personal estate, a paper-writing has been recently produced purporting to be a last will and testament of Russell, which has been offered for probate, and probably would have been probated except for a caveat filed on behalf of the State of New Jersey, and another filed on behalf of Mary Ellen Hyde, who claims that she is the only heir-at-law of the decedent.

The bill of complaint charges that Russell died intestate and left no heirs-at-law, so that the property will escheat to the state, and claims on behalf of the state that the paper offered for probate is not the last will and testament of the decedent, and that Mary Ellen Hyde is not the heir-at-law. The alleged will devises all of this valuable property, estimated to be worth $100,000, to the defendant, and it is quite apparent that the questions involved, and the great value of the property, will produce a litigation likely to cover a considerable period, and it is upon this ground that the complainant files this bill asking that a receiver

of the real estate be appointed to hold the property during the litigation, with power to collect the rents and to pay off and discharge taxes, interest and any other proper lien, the removal of which may become necessary in order to preserve the property for the owner when ascertained, and also that the defendant may be restrained by a writ of injunction from interfering with the real estate or with the possession, care or custody of the receiver when appointed.

The situation briefly stated is this: The deceased died seized of real estate estimated to be worth $100,000. At the time of his death it was not known that he had any relatives; the defendant, being appointed administratrix of the personal estate, has not in any way attempted to protect the real property, and in consequence of the want of an owner, or any person representing an owner, the property has all been sold for taxes and purchased by persons who are now taking, or claiming the right to take, all of the rents from this valuable property without offering to protect it from a foreclosure sale, and equity would seem to require that a receiver should be appointed to protect the property from loss, and to hold it for the benefit of those to whom it may be finally determined it belongs.

The counsel for the defendant appeared, and without seriously denying the facts stated, insisted that this court was without power to appoint a receiver, but I am of opinion that such power does exists, and will make an order to that effect.

Under the title "Cases in which a receiver may be appointed" (*Pom. Eq. Jur.* § *1332*), the third subdivision of the first class of cases in which receivers may be appointed is declared to be "estates of decedents." During the litigation concerning the admission of a will to probate, and during the interval before an executor or administrator is appointed, a court of equity has power to appoint a receiver of the personal property and of the rents and profits of the real estate where there is any danger of their loss, misuse or misapplication.

In the present instance there is a controversy over the admission of the alleged will to probate; there is a contest over the question whether the party claiming to be the only heir is such; the property is in great danger of loss owing to tax sales and

threatened foreclosure. It is clear that in the absence of an heir, in the absence of an executor or of any lawful appointee entitled to hold the property together, it will be lost, and in any event the rents and profits will be misapplied. It appears to me that if there ever was a case in which the rule I have referred to ought to be applied it is in this case, otherwise a vast amount of property that may belong to the state will, for want of protection, be swept away and pass, without practical consideration, into the hands of strangers to the decedents.

The course which I am adopting is justified, in my judgment, by *Flagler* v. *Blunt, 32 N. J. Eq. (5 Stew.) 518,* in which the learned chancellor (at *p. 523*), speaking of this very question, quoted from *High Rec.* §§ *9, 11,* as follows:

"The principal ground upon which courts of equity grant their extraordinary aid by the appointment of receivers *pendente lite* are that the person seeking the relief has shown at least a probable interest in the property, and that there is danger of its being lost unless a receiver is allowed."

A receiver will be appointed and the injunction allowed as prayed for in the bill of complaint.